IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Theresa J. Stevens,

     Plaintiff,

    v.                                Case No. 2:14-cv-2186

Commissioner of Social
Security,

     Defendant.

<u>ORDER</u>

Plaintiff Theresa J. Stevens brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and disability insurance benefits.  The administrative law judge ("ALJ") held a hearing at which plaintiff, represented by counsel, and a vocational expert testified.  In his decision of June 21, 2013, the ALJ found that plaintiff had a combination of severe impairments consisting of status post remote ulnar nerve transposition, major depression, a generalized anxiety disorder, and a dependent personality disorder. PAGEID 75.  The ALJ found that plaintiff had the residual functional capacity ("RFC") to perform light work with some physical limitations, and further that plaintiff is mentally limited to work in a relatively static environment with no fast work pace and occasional contact with supervisors or co-workers, and no contact with the general public.  PAGEID 78.  The ALJ found that plaintiff was capable of performing her past relevant work as a paper core machine operator, and that she was not disabled. PAGEID 87-88.

On February 22, 2016, the magistrate judge issued a report and

recommendation, recommending that the decision of the Commissioner be affirmed.  This matter is before the court for consideration of plaintiff's March 9, 2016, objections to the report and recommendation.  The Commissioner has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006)(quotation marks and citation omitted). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices

a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. Consideration of Opinions of Drs. Meyer and Hagan

Plaintiff alleges that the ALJ did not properly consider the opinions of Steven J. Meyer, Ph.D., who conducted a consultative examination of plaintiff for the Bureau of Disability Determination on November 23, 2011, and of James R. Hagen, Ph.D., who completed an agency psychological evaluation of plaintiff on April 3, 2012. Drs. Meyer and Hagen are nontreating but examining sources. 20 C.F.R. §§404.1502, 416.902.  Although the ALJ must provide some explanation of the weight given to such opinions, *see* 20 C.F.R. §404.1527(f), the procedural requirement for providing "good reasons" for the weight given to a doctor's opinion does not apply to nontreating sources. *See Ealy*, 594 F.3d at 514.  Opinions from non-treating examining sources are weighed based on the examining relationship, specialization, consistency, and supportability. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, a formulaic recitation of factors is not required. *See Friend v. Comm'r of Soc. Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010).  There is no requirement that the ALJ expressly address each factor within the written decision. *Tilley v. Comm'r of Soc. Sec.*, 392 F.App'x 216, 222 (6th Cir. 2010).  An ALJ's failure to cite specific evidence does not indicate that it was not considered. *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).

The magistrate judge correctly found that Drs. Meyer and Hagen

were included within the category of "State agency consultants" whose mental assessments were given great weight by the ALJ. PAGEID 86.  The ALJ considered Dr. Meyer's report, Exhibit 12F, and summarized it at length in his decision.  *See* PAGEID 77, 82-83. The functional limitations discussed by Dr. Meyer were consistent with the RFC determination.  The ALJ's decision, PAGEID 82, also specifically referred to Dr. Hagen's report, Exhibit 14F.  Dr. Hagen's diagnosis of major depressive disorder, panic disorder with agoraphobia, and dependent personality disorder was consistent with the ALJ's findings regarding plaintiff's severe impairments.

Plaintiff notes that the ALJ did not specifically discuss the fact that Dr. Hagen assessed plaintiff with a Global Assessment of Function ("GAF") score of 50, which indicated serious symptoms. However, the Commissioner has declined to endorse the GAF score for use in social security disability programs.  *Kennedy v. Astrue*, 247 F. App'x 761, 766 (6th Cir. 2007).  The Sixth Circuit has noted that the score may have little or no bearing on a claimant's social and occupational functioning.  *See Kornicky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511 (6th Cir. 2006)(rejecting argument that ALJ's decision was not supported by substantial  evidence where low scores were not accompanied by a suggestion that plaintiff was unable to work).  That is particularly true here, as Dr. Hagen advanced no opinions concerning plaintiff's functional limitations. The ALJ's failure to specifically refer to the GAF score in Dr. Hagen's report did not render his RFC analysis unreliable.  *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d. 235, 241 (6th Cir. 2002). The ALJ properly assigned weight to the opinions of Drs. Meyer and Hagen as state agency consultants.

B. Consideration of "Other Source" Evidence

After addressing the weight afforded to the opinions of the state agency consultants and treating physician Dr. Frazier, the ALJ stated that "[t]here is no other treating source opinion and no other opinions indicating that the claimant is disabled." PAGEID 87. Plaintiff argued in her statement of errors that this remark indicates that the ALJ ignored all the other evidence in the record. Aside from the fact that an ALJ need not discuss every piece of evidence in the record for his decision to stand, *see Karger v. Comm'r of Soc. Sec.*, 414 F.App'x 739, 753 (6th Cir. 2011), the ALJ's opinion discusses the record evidence at length. For example, the opinion includes multiple references to the counseling and progress notes regarding plaintiff's treatment at the Scioto Paint Valley Mental Health Center. *See* PAGEID 77, 80-81, 85-86 (citing Exhibits 5F, 9F, 15F, 22F and 25F). To the extent that plaintiff is arguing that the ALJ should have weighed the evidence of record in favor of a finding of disability, that argument is not well taken. "Discretion is vested in the ALJ to weigh all the evidence." *Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 668 (6th Cir. 2009). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart*, 710 F.3d at 374.

Plaintiff argues that the ALJ should have afforded specific weight to certain documents which constitute evidence from "other sources." Such evidence cannot establish the existence of a medically determinable impairment, but may be relevant to "provide insight into the severity of the impairment(s) and how it affects

5

the individual's ability to function." Soc. Sec. Rul. 06-3p, 2006
WL 2329939 at *2 (S.S.A. Aug. 9, 2006). The ALJ was not required
to provide good reasons for the weight given to "other source"
evidence. *Mulkey v. Comm'r of Soc. Sec.*, No. 1:10-cv-466, 2011 WL
4528485 at *6 (W.D.Mich. June 14, 2011), *adopted* 2011 WL 4528479
(W.D.Mich. Sept. 29, 2011). A formulaic recitation of the factors
for considering "other source" evidence is not required. *See Starr
v. Comm'r of Soc. Sec.*, NO. 2:12-cv-290, 2013 WL 653280 at *6
(S.D.Ohio Feb. 21, 2013).

Plaintiff refers to Exhibit 4F, the August 9, 2011, daily
activities questionnaire completed by plaintiff's counselor, Laura
Perrott, an occupational therapist. The questionnaire completed by
Ms. Perrott merely recorded symptoms reported by plaintiff. Ms.
Perrott offered no opinion about plaintiff's functional limitations
to which the ALJ could assign weight. *Cf. Bass v. McMahon*, 499
F.3d 506, 510 (6th Cir. 2007)(where doctor made no medical
judgments, the ALJ had no duty to assign weight or provide good
reasons for not doing so). Likewise, the magistrate judge
correctly noted that the ALJ had no obligation to accord weight to
Exhibit 21F, a July 22, 2010, unsigned document entitled
"Functional Capacity Documentation" completed by an unknown
evaluator at Scioto Paint Valley Mental Health Services. Doc. 19,
p. 19. This document was prepared at approximately the same time
plaintiff was first found eligible to receive counseling through
the Ohio Rehabilitation Services Commission. It appears to be an
intake document which noted the symptoms reported by plaintiff with
the goal of formulating a plan for counseling. Although the ALJ
did not cite to either of these documents in his decision, he did

discuss other evidence at length which documented plaintiff's reports of the same or similar symptoms on other occasions, including treatment notes, plaintiff's hearing testimony, and Exhibit 7E, a function report completed by plaintiff on August 14, 2011, for her application for social security benefits.

Plaintiff also notes Exhibits 3F and  18 F, a September 29, 2010, unsigned progress report completed at the Scioto Paint Valley Mental Health Center Vocational Services.  This report stated that plaintiff would need a good support system in the early days of employment, such as a job coach who could work with her in close proximity.  PAGEID 470.  The magistrate judge correctly noted that this report expressed no opinion about plaintiff's functional limitations, but rather contained general comments about the best way to integrate plaintiff back into the workforce.  Doc. 19, pp. 19-20.  The ALJ obviously reviewed this document, as he discussed it twice in his decision.  *See* PAGEID 80, 86.  As "other source" evidence not containing a medical opinion, the ALJ was not obligated to assign it weight.  *Bass*, 499 F.3d at 510.

Plaintiff also argues that the ALJ erred in not specifically assigning weight to Exhibit 16F, plaintiff's July 1, 2010, application for services through the Ohio Rehabilitation Services Commission.  This exhibit includes a certificate dated July 23, 2010, certifying that plaintiff was eligible for services through the agency.  The certificate of eligibility stated that plaintiff had a physical or mental impairment, including severe depression, anxiety, and irritable bowel syndrome, which caused a substantial impediment to employment, and which required vocational rehabilitation services and "multiple supports ... in place" to regain employment.  PAGEID 566.  The ALJ was aware of this

7

document, as he referred to it in his decision.  PAGEID 84-85.  As the ALJ correctly noted, *see* PAGEID 84-85, any determination by the state agency that plaintiff's irritable bowel syndrome constituted a severe impairment was not binding on the Social Security Administration or the ALJ.  *Turcus v. Soc. Sec. Admin.*, 110 F. App'x 630, 632 (6th Cir. 2004).  Despite the fact that the ALJ only specifically referred in his decision to the agency's assessment of plaintiff's irritable bowel syndrome in citing this rule of law, it is equally applicable to the agency's evaluation of plaintiff's severe depression and anxiety.  The ALJ did not err in failing to specify that he was assigning no weight to the agency's evaluation of plaintiff's mental impairments for the same reason.

This court also notes that even where the "good reasons" requirement applies, an ALJ may satisfy that requirement by indirectly attacking the supportability of the opinion or its consistency with other evidence in the record.  *Coldiron v. Comm'r of Soc. Sec.*, 391 F.App'x 435,  439-41 (6th Cir. 2010); *Nelson v. Comm'r of Soc. Sec.*, 195 F.App'x 462,  470-72 (6th Cir. 2006).  In evaluating a claimant's complaints, an ALJ may also properly consider the credibility of the claimant.  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997).

The ALJ included a detailed discussion of plaintiff's medical records in his opinion, giving insight into his reasoning in arriving at plaintiff's RFC and, ultimately, the non-disability finding.  The ALJ also concluded that plaintiff's testimony concerning the severity of her mental impairments was not credible. PAGEID 83, 86.  The ALJ noted specifically that: 1) on one occasion, plaintiff ran out of her psychiatric medications and did

not call her doctor for a refill; 2) the record showed that plaintiff's mental impairments improved with treatment; 3) plaintiff's claimed level of impairment was inconsistent with her daily activities; 4) plaintiff was able to respond to questions at the hearing in an appropriate manner; 5) the record reflected that plaintiff had made inconsistent statements regarding her anxiety and depression; 6) plaintiff collected unemployment insurance, which typically requires applicants to certify that they are capable of working; and 7) while attending counseling at Scioto Paint Valley Mental Health Center, plaintiff expressed interest in various positions and visited various businesses to inquire about employment.  PAGEID 85-86.  The ALJ adequately explained the reasons for his non-disability finding.  The court agrees with the magistrate judge's conclusion that the manner in which the ALJ evaluated "other source" evidence was not an abuse of discretion.

III. Conclusion

For the reasons stated above, the court concludes that the Commissioner's non-disability finding is supported by substantial evidence.  The court denies plaintiff's objections (Doc. 20) and adopts the report and recommendation (Doc. 19).  The decision of the Commissioner is affirmed, and this action is dismissed.  The clerk is directed to enter final judgment in this case.

It is so ordered.


Date: March 24, 2016              _____s/James L. Graham_____
                                  James L. Graham
                                  United States District Judge

9